UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CANDICE RANA SULFRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-188 (LEAD CASE) |
| | ) | (Phillips/Guyton) |
| JOHN HUFF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 99] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of several non-dispositive pretrial motions [Docs. 84, 87, 89, 91, 93, 94, 95].

**I.     Plaintiffs' Motion for Enlargement of Time and Clarification**

At a scheduling conference on July 26, 2005, the District Court directed the parties to submit briefs by August 15, 2005 regarding their positions on "the class action issue." [Doc. 63]. Subsequently, the plaintiffs moved for an extension of time to file their memorandum. [Doc. 69]. The Court granted the plaintiffs' motion [Doc. 83] and extended the time for the plaintiffs to file their memorandum to October 11, 2005.

On October 10, 2005, the plaintiffs filed the present motion [Doc. 84], seeking clarification of the issues to be addressed by the parties' brief and moving for an enlargement of time to file such brief. [Doc. 84]. In the motion, the plaintiffs' counsel states that it was his understanding that the District Court had directed the parties at the July 26, 2005 Scheduling Conference to file a memorandum on the class action issue. Counsel states that he did not understand the District Court's directive to be to file a memorandum on the issue of whether the requested class should be

certified. In the event that the District Court intended the latter, the plaintiffs seeks an additional sixty (60) days to file an appropriate motion on the issue of class certification.

The plaintiff's request for enlargement of time [Doc. 84] is **GRANTED**. The plaintiffs shall have sixty (60) days from the entry of this Order to file an appropriate motion and/or memorandum on the issue of class certification.

## II. Defendant Timothy Hutchison's Motion to Compel

The defendant Timothy Hutchison moves to compel the plaintiffs, Candice Sulfridge and Adam Davis, to respond to the First Set of Interrogatories and Request for Production of Documents propounded to the respective plaintiffs on July 11, 2005. [Doc. 87]. In his memorandum, the defendant states that his counsel wrote plaintiffs' counsel on October 11, 2005, advising him that the discovery responses were past due and requesting that answers be provided by October 17, 2005. Plaintiffs' counsel subsequently requested until October 19, 2005 to serve responses. No responses, however, were served, and the defendant filed this present motion.

Neither plaintiff filed a response to the defendant's motion to compel. The plaintiff Candice Sulfridge did, however, file a notice of service of her responses to the interrogatories and request for production of documents on November 9, 2005. Accordingly, the defendant's Motion to Compel [Doc. 87] with respect to the plaintiff Sulfridge is **DENIED AS MOOT**. With respect to the plaintiff Adam Davis, the defendant's Motion to Compel [Doc. 87] is **GRANTED**. The plaintiff Adam Davis is **ORDERED** to respond to the defendant's First of Interrogatories and Request for Production of Documents within twenty (20) days of this Order. Mr. Davis is hereby put on notice that failure to cooperate in discovery and to follow the Orders of this Court may result in monetary sanctions and possibly the dismissal of his lawsuit. See Fed. R. Civ. P. 37(b)(2)(C).

### III. Defendant's Motion for Protective Order

Timothy Hutchison moves for a protective order as to the discovery depositions, which were scheduled for November 3, 7, 8, 9, 10, and 11, 2005. Hutchison argues that these depositions should not take place until the written discovery, which the defendant propounded to the plaintiffs on July 11, 2005, has been answered, and the plaintiffs have filed their memorandum regarding class certification. [Doc. 89]. The defendants Randy Hinton, Chestnut Street Garage, Inc., John Huff, Janette Harris, and Larry G. Moore also move for a protective order on these grounds. [Doc. 91, 93, 94, 95].

Rule 26(c) of the Federal Rules of Civil Procedure provides that the Court may enter an Order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). The Court finds that the defendants have failed to make a showing that a protective order is necessary in this case to protect them from "annoyance, embarrassment, oppression, or undue burden or expense" with respect to these depositions. Accordingly, the Court finds that the defendants' motions for a protective order [Docs. 89, 91, 93, 94, 95] are not well-taken and are therefore **DENIED**. The parties shall reschedule the depositions, which were previously scheduled for November, 2005, at a time mutually agreeable to the parties.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge