UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CANDICE RANA SULFRIDGE,          )
                                 )
                    Plaintiff,   )
                                 )
v.                               )     No. 3:05-CV-188 and 191
                                 )     (Phillips/Guyton)
JOHN HUFF, *et al.*,             )
                                 )
                    Defendants.  )
_____

ADAM TRAVIS DAVIS,               )
                                 )
                    Plaintiff,   )
                                 )
v.                               )
                                 )
JOHN HUFF, *et al.*,             )
                                 )
                    Defendants.  )

## MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 176] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of defendant John Huff's Motion to Quash [Doc. 174] and Motion for Protective Order [Doc. 175].

The defendant John Huff moves to quash the plaintiffs' First Set of Interrogatories, Notice of Depositions, and Request for Production of Documents propounded in this case. [Doc. 174]. The defendant further moves for a protective order from any further oral or written discovery until the motion for summary judgment based on qualified immunity is heard. [Doc. 175].

The plaintiff failed to file a response to the defendant's motion within the time period required by E.D.TN. LR 7.1(a). "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D.TN. LR 7.2.

"Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" Saucier v. Katz, 533 U.S. 194, 200 (2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). As the Supreme Court has noted, one of the purposes of the defense of qualified immunity "is to protect public officials from broad-ranging discovery that can be peculiarly disruptive of effective government." Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987) (internal quotation marks omitted). Accordingly, until the threshold issue of qualified immunity is resolved, "discovery should not be allowed." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also English v. Dyke, 23 F.3d 1086, 1089 (6th Cir. 1994) ("While the issue [of qualified immunity] is before the trial court or the case is on appeal, the trial court should stay discovery.").[1] Accordingly, for good cause shown, the defendant John Huff's Motion to Quash [Doc. 174] and Motion for Protective Order [Doc. 175] are **GRANTED**. Discovery in this case is hereby **STAYED** pending the resolution of the qualified immunity issue by the District Court.

**IT IS SO ORDERED.**

ENTER:

_____s/ H. Bruce Guyton_____
United States Magistrate Judge

---

[1]The Supreme Court has also recognized that "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." Crawford-El v. Britton, 523 U.S. 574, 598 n.14 (1998). Having failed to respond to the defendant's motion, however, the plaintiff has not made any showing that any of the requested discovery is "tailored specifically" to the issue of qualified immunity. See Anderson, 483 U.S. at 646 n.6. Absent such a showing, all of the requested discovery should be stayed at this time.