UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CANDICE RANA SULFRIDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-188 and 202 |
| ) | (Phillips/Guyton) |
| JOHN HUFF, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ADAM TRAVIS DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | |
| JOHN HUFF, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on plaintiffs' appeal from the memorandum and order of the Magistrate Judge staying all discovery [Docs. 78 and 181], plaintiffs' motion for additional time to obtain affidavits and discovery necessary to respond to defendants' summary judgment motions [Docs. 79 and 182], and plaintiffs' motion for all counsel to appear before the Court for a scheduling conference and a new scheduling order [Docs. 80 and 183]. These motions are **DENIED in their entirety** for the reasons discussed below.

1

At a March 14, 2007 telephonic motion hearing proceeding, the plaintiffs requested the Court's assistance in setting discovery depositions, sought additional time to file their responses to the defendants' dispositive motions, and requested a continuance of the trial date. The undersigned then ordered the parties to set depositions within ten days, extended the deadline for filing responses to dispositive motions to August 15, 2007, and continued the trial date. All other matters covered by the scheduling previously entered in the case remained unchanged and to be calculated based on the new trial date. Thereafter, defendant John Huff filed a motion to quash discovery, as well as a motion for protective order, asserting that all discovery should be stayed until the Court addresses the issue of qualified immunity. On May 3, 2007, the Magistrate Judge ordered a stay of all discovery until the issue of qualified immunity is decided. Nonetheless, the plaintiffs thereafter moved forward with setting depositions. Again, on June 14, 2007, the Magistrate Judge found that its May 3, 2007 order stayed all discovery in this case and that the District Court will rule on qualified immunity issue, and, at that time, also schedule a status conference of all parties to address the needs of scheduling.

The issue of discovery has been throughly addressed by the Magistrate Judge. As the Magistrate Judge found in his May 3, 2007 order, until the threshold issue of qualified immunity is resolved, "discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); see also *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) ("While the issue [of qualified immunity] is before the trial court or the case is on appeal, the trial court should stay discovery."). Further, the Court finds no justification to vary from the present scheduling in this case. Accordingly, plaintiffs' appeal of the Magistrate Judge's decision

[Docs. 78 and 181], plaintiffs' motion for extension of time to complete discovery [Docs. 79 and 182], plaintiffs' motion to amend/revise the scheduling order and for a scheduling conference [Docs. 80 and 183], are **DENIED in their entirety**.

**IT IS SO ORDERED.**

                                       **ENTER:**

                                       s/Thomas W. Phillips
                                       UNITED STATES DISTRICT JUDGE