# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **CANDICE R. SULFRIDGE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-cv-188 |
| ) | (Phillips) |
| **JOHN HUFF,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

On August 29, 2008, this court granted counsel for plaintiffs' motion to withdraw [Doc. 218], giving plaintiffs thirty days either to obtain new counsel or inform the court that they would proceed pro se. After plaintiffs failed to do either,[1] the court scheduled a status conference for April 20, 2009. Plaintiff Candice R. Sulfridge made a late appearance after the court had recessed; plaintiff Adam T. Davis did not appear as he was incarcerated at the time. The court accordingly issued an Order to Show Cause [Doc. 226], giving plaintiffs sixty days to obtain new counsel or notify the court that they would proceed pro se. The court cautioned plaintiffs that a failure to respond could result in the action being dismissed for failure to prosecute. [Doc. 226 at 2]. The court also scheduled a status conference for June 22, 2009.

Prior to the hearing, plaintiff Sulfridge contacted the court and stated she did not wish to be involved in any further proceedings. The court directed her to file a letter with the court indicating this intent. Plaintiff Adam Davis appeared at the hearing, having been released from imprisonment,

---

[1] In the interim the case was stayed pending disposition of defendant John Huff's interlocutory appeal of the court's denial of qualified immunity. [*See* Docs. 221-223]. Because the action was stayed, the court did not penalize plaintiffs for failing to comply.

-1-

and advised the court he wished to pursue the case but needed additional time to retain counsel. Accordingly, the court granted Davis thirty days to obtain counsel or notify the court of his pro se status; the court scheduled a third hearing for July 22, 2009. [Doc. 229].

On July 22, Davis again appeared and informed the court that he was having continuing difficulties obtaining an attorney but nevertheless wished to retain counsel. Accordingly, the court granted him another thirty days to continue his search and scheduled a hearing for August 25. [Doc. 231].

On August 25, neither plaintiff appeared, despite the court having waited fifteen minutes past the scheduled hearing time to open court. [Doc. 232]. Neither plaintiff has attempted to contact the court or represent in writing that he or she wishes to continue pro se.

The court has granted plaintiffs multiple opportunities to obtain new counsel or notify the court that they would proceed pro se. Moreover, the court has cautioned plaintiffs that failure to do so could result in the dismissal of the action. [Doc. 226 at 2]. Plaintiffs having failed to comply, the court finds plaintiffs have abandoned their case, and the failure to respond to the withdrawal of counsel operates as a waiver of any relief sought. E.D.TN. LR 7.2.

Accordingly, this action is **DISMISSED** for failure to prosecute.

   **IT IS SO ORDERED**.

         **ENTER:**

           s/ Thomas W. Phillips
           United States District Judge